BRETT *et al v.* POLLEY.

(*City Court of Brooklyn, General Term.* December 22, 1890.)

EVIDENCE—CONTRACT BETWEEN THIRD PERSONS.

A charter-party which contains the provision "commission of five per cent. on the estimated amount of charter, payable by owner," etc., is admissible as evidence of an agreement by the owner to pay a 5 per cent. commission to the broker who brought the parties together, although he was not a party to the instrument, when it appears that it was signed at his office and in his presence.

Appeal from trial term.

Action by Gustavus A. Brett and others against Grahams Polley for commissions as ship-brokers. Verdict and judgment for plaintiffs, from which defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*John Berry,* for appellant. *Goodrich, Deady & Goodrich,* for respondents.

CLEMENT, C. J. On May 14, 1889, Capt. Edwin P. Littlefield, as agent of the defendant, who was the owner of the steamer Raleigh, and R. H. Gibbs & Co. signed a charter-party, whereby the steamer was chartered by the said Gibbs & Co. for trade between the United States and the West Indies for six months at $3,000 per month. In the writing are these words: "Commission of five per cent. on the estimated amount of charter, payable by owner, and a freight brokerage of five per cent. is due and payable by charterers on signature hereof, to G. A. Brett, Son & Co." The plaintiffs were ship-brokers, and brought the parties together who signed the charter-party in their office, and were to receive by its terms 5 per cent. commission, and this action was brought to collect the same. We think that the charter-party was properly admitted in evidence. Though the plaintiffs were not parties to it, yet it contained evidence of their employment by the agent of the defendant. Suppose a broker for the sale of real estate is applied to by a party desiring to buy a certain piece of property, and the broker sends for the owner to meet the party at his office, and a contract is drawn for the sale, and in such contract it is provided that the owner shall pay the broker 1 per cent. commission, we think that a jury, from the contract and the surrounding circum-

stances, could infer an employment of the broker by the owner at the time of signing the contact, though nothing was said about the commission. If the plaintiff sued R. H. Gibbs & Co., the charterers, for commissions, their defense would be that, in the presence of one of the plaintiffs, they and the agent of the defendant agreed that the defendant should pay the commission. It is not necessary to invoke the principle laid down in *Lawrence* v. *Fox*, 20 N. Y. 268. The contract was before the jury, and they could infer therefrom, and from the other facts in the case, an employment of plaintiffs by the captain, as agent for the defendant. Judgment and order denying new trial affirmed, with costs.